```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ROLAND D. LEWIS,<br><br>             Petitioner,<br><br>     v.<br><br>KENNETH NELSON, et al.,<br><br>             Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>    Civil Action<br>    No. 14-2547 (JBS)<br><br>       **OPINION** |

APPEARANCES:

RONALD D. LEWIS, Petitioner Pro Se
#205414
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

GRETCHEN ANDERSON PICKERING, Esq.
Cape May County Prosecutor's Office
4 Moore Road, DN 110
Cape May Court House, NJ 08210
     Attorney for Respondents

**SIMANDLE, Chief Judge:**

I.   **INTRODUCTION**

     Before the Court is Respondent Kenneth Nelson's ("Respondent") motion to transfer the petition for writ of habeas corpus to the Third Circuit Court of Appeals. For the reasons set forth below, the motion shall be denied and the habeas petition shall be dismissed as this Court lacks jurisdiction over the petition.

**I. BACKGROUND**[1]

Petitioner was convicted by a jury of first-degree armed robbery, N.J. STAT. ANN. § 2C:15-1, on March 24, 1999. Immediately following the jury verdict, the judge found Petitioner guilty of fourth-degree possession of a handgun by a convicted felon, N.J. STAT. ANN. § 2C:39-7(a). Petitioner was sentenced to an extended term of life imprisonment without the possibility of parole as a persistent offender, N.J. STAT. ANN. § 2C:43-7.1(a),[2] as well as a concurrent eighteen-month term on the possession charge.

Petitioner appealed to the New Jersey Superior Court Appellate Division. That court affirmed Petitioner's convictions, but remanded for resentencing after concluding the trial court had not followed the proper procedures for imposing the extended term. *State v. Lewis*, No. A-1878-99 (N.J. Super. Ct. App. Div. Apr. 9, 2002) (unpublished), *certif. denied*, 803 A.2d 637 (N.J. 2002).

Petitioner appeared for resentencing on June 20, 2002. The trial court sentenced Petitioner to fifty years with a twenty-five year period of parole ineligibility pursuant to N.J. STAT. ANN. § 2C:43-7.1(b)(2). Petitioner appealed.

---

[1] The Court derives the factual and procedural background of Petitioner's case in large part from the opinion in *Lewis v. Hendricks*, No. 02-4268 (D.N.J. Aug. 5, 2010); (Docket Entry 10-9).
[2] It is unclear from the record what Petitioner's previous conviction entailed.

While Petitioner's appeal was pending before the Appellate Division, he filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 27, 2002. *Lewis v. Hendricks*, No. 02-4268 (JHR) (D.N.J.); (Docket Entry 10-1). Petitioner presented four claims for relief in his initial petition: (1) "the trial court erred in denying the Petitioner's motions to dismiss, suppress and discovery, in violation of the 4th and 14th Amendment of the Federal Constitution and New Jersey Constitution, Art. 1 para. 7"; (2) "Defense counsel was ineffective in withdrawing his motion to suppress at the conclusion of the suppression hearing"; (3) "The Petitioner's rights were violated when he was arrested without a warrant, in violation of the 4th and 14th Amendment of the Federal Constitution and New Jersey Constitution, Art. 1 para. 7"; and (4) "The Petitioner's rights were violated when he was denied a probable cause hearing in violation of the Due Process Clause of the 14th Amendment." *Lewis v. Hendricks*, No. 02-4268, Docket Entry 3 at 4-5.

In the state courts, the Appellate Division again remanded to the trial court for resentencing. *State v. Lewis*, No. A-6695-01 (N.J. Super. Ct. App. Div. Apr. 24, 2003) (unpublished). Petitioner was sentenced to fifty years, twenty-five years parole eligibility on June 25, 2003. Petitioner again appealed, however the Appellate Division affirmed the sentence this time. *State v. Lewis*, No. A-0186-03 (N.J. Super. Ct. App. Div. June 28, 2005). During this

time, the Honorable Joseph H. Rodriguez had concluded Petitioner had not exhausted his ineffective assistance of counsel claims and stayed Petitioner's habeas petition. *Lewis v. Hendricks*, No. 02-4268, Docket Entry 14.

Petitioner filed a petition for post-conviction relief ("PCR") on February 17, 2006 in the state court, raising the ineffective assistance of counsel argument as well as an argument that the trial court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The trial court denied the PCR application, and the Appellate Division affirmed. *State v. Lewis*, 2008 WL 2466455 (N.J. Super. Ct. App. Div. June 20, 2008). The New Jersey Supreme Court denied certification on February 4, 2009. *State v. Lewis*, 966 A.2d 1077 (N.J. 2009).

Having now exhausted his ineffective assistance of counsel claim, Petitioner sought to reopen the § 2254 petition pending in this Court on March 24, 2009. *Lewis v. Hendricks*, No. 02-4268, Docket Entry 19. In support of his motion, Petitioner included an amended petition asserting: (1) "Petitioner was arrested in violation of the Fourth Amendment to the Federal Constitution"; (2) "The Petitioner was denied the effective assistance of counsel"; and (3) "The Petitioner was denied the assistance of counsel for counsel not objecting to the trial court's unreasonable application and contrary to clause to [sic] clearly established federal law at the time Petitioner's direct appeal was pending."

4

*Lewis v. Hendricks*, No. 02-4268, Docket Entry 19-2. In spite of his captioning the third point as concerning ineffective assistance of counsel, Petitioner argued that the trial court violated *Apprendi* by sentencing him to an extended term without a jury determination of the facts supporting the enhancement. *Lewis v. Hendricks*, No. 02-4268, Docket Entry 19-2 at 16-23.

After reopening the case and permitting the amended petition to proceed, Judge Rodriguez denied the petition on the merits and denied a certificate of appealability on August 5, 2010. *Lewis v. Hendricks*, No. 02-4268, Docket Entry 22. Petitioner appealed to the Court of Appeals for the Third Circuit, which denied a certificate of appealability on November 18, 2010. *Lewis v. Hendricks*, No. 10-3504 (3d Cir. Nov. 18, 2010); (Docket Entry 10-10). The Supreme Court denied Petitioner's petition for a writ of certiorari on April 18, 2011. *Lewis v. Ricci*, 131 S. Ct. 2108 (2011), *reh'g denied*, 131 S. Ct. 3085 (2011). Petitioner thereafter filed a motion for reconsideration in this Court, which was denied by Judge Rodriguez on December 12, 2011. *Lewis v. Hendricks*, No. 02-4268, Docket Entry 26.

Petitioner returned to the state courts, filing a motion to correct an illegal sentence on March 12, 2012. (Docket Entry 1-1 at 1). Petitioner again argued that the trial court violated *Apprendi* when it sentenced him as a persistent offender. (*See* Docket Entry 1-1 at 11-15). The trial court deemed the motion to

5

be a second PCR application, and held the petition was procedurally barred as the *Apprendi* issue had already been adjudicated. (Docket Entry 1-1 at 2); *see also* N.J. Ct. R. 3:22-5 ("A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings."). The trial court also denied the motion on the merits. Petitioner appealed to the Appellate Division, which affirmed the judgment of the trial court on May 8, 2013. *State v. Lewis*, No. A-918-12 (N.J. Sup. Ct. App. Div. May 8, 2013); (Docket Entry 1-1 at 4). The Supreme Court denied certification on January 30, 2014. (Docket Entry 1-1 at 5).

Petitioner filed the instant Petition for a Writ of Habeas Corpus on April 17, 2014.[3] (Docket Entry 1). After being advised of his rights under *United State v. Mason*, 208 F.3d 414 (3d Cir. 2000); (Docket Entry 4), Petitioner elected to have this Court rule on his petition as filed, (Docket Entry 5). An answer was ordered, and the Respondent's motion to transfer the case to the Third Circuit was filed simultaneously with that answer. (Docket

---

[3] Petitioner styled his petition as a motion for relief from judgment pursuant to Fed. R. Civ. Pro. 60(b). As noted in this Court's order of May 7, 2014, this designation by Petitioner is incorrect. (Docket Entry 2).

Entries 10 and 11). Petitioner filed neither an objection to the motion nor a traverse.[4]

## II. STANDARD OF REVIEW

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

## III. ANALYSIS

This is Petitioner's second federal habeas petition challenging his conviction and sentence. *See Lewis v. Hendricks*, No. 02-4268 (D.N.J. Aug. 5, 2010). This fact requires this Court to consider whether this Petition is "second or successive" and, thus, whether this Court lacks jurisdiction to entertain it in

---

[4] The Court did receive a letter from Petitioner asking the Court to disregard a previously filed traverse, (Docket Entry 12), however no response to Respondent's answer had ever been received by the Court. The Court has received no communication from Petitioner since December 22, 2014.

7

the absence of an order from the Third Circuit permitting its filing. *See* 28 U.S.C. § 2244(b).

A petition is not necessarily "second or successive" merely because it follows an earlier federal petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998) (per curiam)) If, however, a petition is resolved in a way that satisfies a petitioner's one 'full and fair opportunity to raise a [federal] collateral attack,' then it does count for purposes of § 2244(b)." *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). Similarly, where a petition raises a claim that was or could have been raised in an earlier habeas petition decided on the merits, that claim clearly is "second or successive." *Benchoff*, 404 F.3d at 817 (citing *McCleskey v. Zant*, 499 U.S. 467, 493–95 (1991); *Wise v. Fulcomer*, 958 F.2d 30, 34 (3d Cir. 1992)).

Petitioner's previous federal habeas petition challenging his extended term sentence conviction was denied on the merits. *See Lewis v. Hendricks*, No. 02-4268 (D.N.J. Aug. 5, 2010); (Docket Entry 10-9). The Court specifically addressed Petitioner's *Apprendi* argument in that Opinion, *see* No. 02-4268 slip op. at 20-23; (Docket Entry 10-9 at 20-23), and found that "Petitioner was not sentenced to a term 'beyond the statutory maximum,' but instead was sentenced to a term within the parameters of the extended term that his criminal history

8

qualified him for." No. 02-4268 slip op. at 23; (Docket Entry 10-9 at 23).[5] As this Petition attempts to raise the same argument that was previously rejected on the merits by this Court, the Petition is "second or successive" within the meaning of § 2244. Thus, this Court lacks jurisdiction to entertain it, absent authorization from the Court of Appeals.

If a second or successive petition is filed in the district court without such an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. *See also Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002), *cert. denied*, 540 U.S. 826 (2003). ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."). Respondent has moved to transfer the Petition to the Court of Appeals, (Docket Entry

---

[5] In addition, Judge Rodriguez denied Petitioner's motion for reconsideration in which Petitioner again raised his *Apprendi* argument. *See generally Lewis v. Hendricks*, No. 02-4268, Docket Entries 25 and 26. In his order denying the motion for reconsideration, Judge Rodriguez noted "this Court expressly found that Petitioner's sentence was not in violation of *Apprendi*." *Lewis v. Hendricks*, No. 02-4268, Docket Entry 26 at 3.

9

10), and Petitioner has not filed any objection to the motion. This Court must consider, however, whether a transfer would be in the interest of justice. 28 U.S.C. § 1631.

The Third Circuit has already denied a certificate of appealability as to the *Apprendi* argument raised in Petitioner's first § 2254 petition. *Lewis v. Hendricks*, No. 10-3504 (3d Cir. Nov. 18, 2010); (Docket Entry 10-10). This Court therefore finds that it would not be in the interest of justice to transfer the Petition, and will dismiss the Petition for lack of jurisdiction.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The present case fails to meet this standard, therefore no certificate of appealability will be issued.

**III. CONCLUSION**

    Petitioner Lewis seeks to challenge his state conviction and sentence for a second time, which can only occur if he receives permission of the Third Circuit for filing a successive § 2254 petition. As it is not in the interest of justice to transfer the Petition to the Third Circuit, this Court will deny Respondent's motion and dismiss the Petition for lack of jurisdiction. A certificate of appealability shall not issue. An accompanying Order will be entered.


| | |
|---|---|
| **June 29, 2015** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |